IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUN 1 0 2019

WILLIAM LORD CHEUN,

    *Plaintiff,*

v.

PATENT TRIAL & APPEAL BOARD OF
THE UNITED STATES PATENT &
TRADEMARK OFFICE,

    *Defendant.*

Civil No. 1:18-cv-407

Hon. Liam O'Grady

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Mr. Cheun's Petition for Review of the "PTAB rejection of [his] appeal" (Dkt. 1) and Defendant Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office's ("USPTO") Motion for Summary Judgment (Dkt. 17). For the reasons that follow, and for good cause shown, Defendant PTAB's Motion for Summary Judgment (Dkt. 17) is hereby **GRANTED** and Mr. Cheun's Petition (Dkt. 1) is hereby **DENIED**.

Mr. Cheun believes that the international filing date for his patent application should be amended. After his petition for an amended filing date was rejected multiple times, Mr. Cheun filed an "Appeal Brief" at the USPTO, which the Director of the International Patent Legal Administration treated as a renewed petition under 37 C.F.R. § 1.182. Dkt. 1 at 3. On February 17, 2017, the Director rejected Mr. Cheun's renewed petition to change his international filing date. *Id.* at 6–8. In the same letter, the Director also rejected Mr. Cheun's request that the appeal be heard by the PTAB because "[t]he PTAB has no authority to hear questions regarding the

filing date matters in international applications" under MPEP § 1002.02(p)(11). *Id.* at 6 (emphasis in original). On June 28, 2017, Mr. Cheun attempted to appeal the Director's decision to the PTAB. Dkt. 4-1 at 11–21. When the PTAB did not make a ruling on his petition by December 28, 2017 (*i.e.*, within six months), Mr. Cheun appealed to the Federal Circuit "for a court order to remand [to] the Patent Trial and Appeal Board to accept" his appeal. Dkt. 2-1 at 3. The Federal Circuit found that it did not have jurisdiction over Mr. Cheun's appeal and transferred the case to this Court. Dkt. 1-1.

The Court reviewed the Petition and ordered a response. Pursuant to the Court's Order, Defendant filed a Motion for Summary Judgment (Dkt. 17) and mailed a copy to Mr. Cheun, who is proceeding *pro se*. The mail containing the PTAB's filings was returned by the United States Postal Service with the label "MOVED. return to sender." *See* Dkt. 21. Counsel for Defendant was unable to locate another address for Mr. Cheun, and both Defendant and the Court were unable to successfully reach Mr. Cheun at the telephone number provided. The Court then issued an Order reminding Mr. Cheun of his responsibility to notify the Court and Defendant of any change of address and warning him that the Court would proceed with ruling on Defendant's Motion for Summary Judgment without his response if he failed to file a response within twenty-one days of the date of the Order. Dkt. 22. The Clerk of Court was directed to send a copy of the Order to the email address listed on Plaintiff's Petition for Review – the only remaining contact point known to the Court – but the email was never successfully delivered despite multiple attempts "because the target computer actively refused" to accept a connection from the Court's email system.

Having attempted to contact Mr. Cheun using all known contact points and Mr. Cheun having failed to file a response by the extended deadline to respond, Mr. Cheun's Petition and Defendant's Motion for Summary Judgment are now ripe for review.

Under a liberal reading of Mr. Cheun's Petition, it appears that Mr. Cheun is appealing both (a) the PTAB's failure to rule on his petitions, and (b) the decision by the Director rejecting Mr. Cheun's petition to amend the international filing date of his patent application. Defendant is entitled to summary judgment on both grounds.

First, the PTAB properly refrained from ruling on Mr. Cheun's petitions to amend the international filing date of his patent application, as the authority to evaluate such petitions is delegated to the Director of the International Patent Legal Administration, not the PTAB. *See* M.P.E.P. § 1002.02(p)(11).

Second, the Court finds that the Director's decision refusing to modify Mr. Cheun's international filing date is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The documents Mr. Cheun now claims were intended to form an international patent application were insufficient to qualify as a valid and complete international patent application. Further, because the documents all referenced Mr. Cheun's domestic patent application, the USPTO reasonably believed the documents constituted Mr. Cheun's efforts to correct previously identified defects in his domestic patent application. Mr. Cheun was on notice that the USPTO viewed the documents as part of his domestic patent application and failed to correct that putative misunderstanding. Moreover, even if the documents formed a complete international patent application, that application must be deemed withdrawn because Plaintiff failed to timely submit the required international filing fees. *See* 37 C.F.R. §§ 1.431(c)–(d).

Accordingly, for the reasons stated above, and for good cause shown, Defendant PTAB's Motion for Summary Judgment (Dkt. 17) is hereby **GRANTED** and Mr. Cheun's Petition (Dkt. 1) is hereby **DENIED**.

It is **SO ORDERED**.

June 10, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge